JERRY D. WEBB, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Webb v. Commissioner
Docket No. 29842-91
United States Tax Court
T.C. Memo 1995-199; 1995 Tax Ct. Memo LEXIS 201; 69 T.C.M. (CCH) 2549; T.C.M. (RIA) 95199; May 4, 1995, Filed *201 An appropriate order and decision will be entered denying petitioner's motion to dismiss for lack of jurisdiction and granting respondent's motion to dismiss for failure properly to prosecute and for a penalty pursuant to section 6673. Jerry D. Webb, pro se. for respondent: Neal O. Abreu. PARR
PARR
SUPPLEMENTAL MEMORANDUM OPINION PARR, Judge: This case is before the Court on remand from the United States Court of Appeals for the Ninth Circuit. We had granted respondent's motion to dismiss for lack of prosecution. , vacated and remanded . The Court of Appeals ordered us to construe petitioner's late filed motion to dismiss for lack of jurisdiction as a motion to vacate on the ground of lack of subject matter jurisdiction, and to consider petitioner's motion to dismiss on its merits. We vacated the order and decision previously entered and now consider petitioner's motion. Petitioner did not file Federal income tax returns for 1984, 1985, 1986, 1987, and 1988. Respondent therefore prepared substitute income tax returns for those years, using information *202 from Information Returns Processing (IRP) transcripts to determine the income that petitioner received for the aforementioned tax years. [1]
On September 20, 1991, respondent issued and mailed to petitioner by certified mail at his last known address five statutory notices of deficiency, one for each of the years at issue in this case. Respondent determined that petitioner had failed to report income from wages, capital gains, dividends, nonemployee compensation, unemployment compensation, and rents. Additions to tax under sections 6651(a), 6653(a)(1), and 6654 for delinquency, negligence, and failure to make estimated tax payments, respectively, were also determined for the various years. Petitioner timely filed a petition with the Tax Court on December 16, 1991, disputing the deficiencies and additions to tax determined by respondent. Petitioner's case was dismissed for lack *203 of prosecution on July 7, 1993. Petitioner now asserts that this Court had no subject matter jurisdiction. Section 6212(a) and (b) [2] provides that if the Secretary determines a deficiency in tax due from a taxpayer, the Secretary is authorized to send a notice of deficiency to the taxpayer at his or her last known address by certified mail or registered mail. Respondent asserts that she properly and timely mailed the statutory notices to petitioner. Indeed, petitioner has never alleged any defect in the service of such statutory notices. Section 6213(a) generally provides that within 90 days after the statutory notice is mailed, the taxpayer may file a petition with the Tax Court in order to have the Tax Court redetermine his or her tax deficiency. In the case at bar, petitioner timely filed a petition with the Tax *204 Court. Where, as here, a notice of deficiency is issued and a timely petition is filed, the Court has jurisdiction. ; ; ; Rule 13(a), (c); see secs. 6214, 6512(a), 7442; see also , affd. . Petitioner's "tax protester" type arguments as to why this Court lacks subject matter jurisdiction seem to boil down to two points. First, although he acknowledges that respondent's determination is presumptively correct, citing , petitioner argues that "in order to raise the presumption of correctness, for an addition to tax under section 6653(a)(1), the Government must specify the acts, or lack thereof, upon which it is basing its determination." This is clearly not the law. The burden of proof is on petitioner to prove respondent erred in the notices of *205 deficiency, including the determination of the additions to tax in issue. Rule 142(a). Moreover, the burden of proof has nothing to do with jurisdiction. See . Petitioner's other argument appears to be that respondent has no right to "assess" unpaid amounts of estimated income tax, and that this is what respondent proposes to do. The notice of deficiency is not an "assessment"; it is only a determination of a proposed deficiency. The filing of a proper petition generally prevents the assessment of the tax until a decision of this Court has become final. Sec. 6213(a); see also sec. 7485(a). It is clear that we have jurisdiction to make such a determination, and that petitioner has the burden of proving respondent's notices of deficiency were erroneous. Section 6662 provides that additions to tax (such as those imposed by section 6654 with regard to failure to pay estimated income tax) are to be assessed and collected in the same manner as income taxes. The deficiency provisions of sections 6212 and 6213 apply in cases such as this where no income tax returns have been filed. Sec. 6662(b)(2). *206 For the foregoing reasons, we hold that this Court had jurisdiction to redetermine the deficiencies and additions to tax determined by respondent at the time we dismissed petitioner's case for failure to properly prosecute. To reflect the foregoing, An appropriate order and decision will be entered denying petitioner's motion to dismiss for lack of jurisdiction and granting respondent's motion to dismiss for failure properly to prosecute and for a penalty pursuant to section 6673. Footnotes
*. This memorandum opinion supplements our opinion in Webb v. Commissioner, T.C. Memo. 1993-283.↩
1. The IRP transcripts are based upon wages, interest, and other income information reported to the Internal Revenue Service by payors.↩
2. All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩